UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AHMED M. MOQBEL,

    Plaintiff,                                    CIVIL ACTION NO. 13-14159

  v.                                          DISTRICT JUDGE DAVID M. LAWSON
                                            MAGISTRATE JUDGE CHARLES E. BINDER

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there is substantial evidence on the record that claimant retained the residual functional capacity for a limited range of light work.

**II.    REPORT**

    **A.    Introduction and Procedural History**

Plaintiff filed applications for Social Security Disability Insurance Benefits and Supplemental Security Income benefits on March 2, 2011, alleging that he had become

disabled and unable to work on December 31, 2009[1], at age 48, due to severe back pain. Benefits were initially denied by the Social Security Administration. A requested <u>de</u> <u>novo</u> hearing was held on May 17, 2012, before Administrative Law Judge (ALJ) Patrick Maclean. The ALJ found that the claimant retained the residual functional capacity to perform a limited range of light work providing a sit-stand option once an hour with no exposure to either moving machinery or unprotected heights. The Law Judge determined that Plaintiff was unable to perform jobs requiring reading or writing in English. He further found that the claimant could not climb ladders, ropes or scaffolds. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment, and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 51 years old at the time of the administrative hearing. He was born and educated in Yemen, and emigrated to the United States in 1992 (TR 28). Claimant had a ninth grade education, but was able to communicate in English (TR 33). His past relevant work experience included jobs as a busboy and machine operator (TR 28-29, 193). Plaintiff spoke limited English and used an interpreter at the administrative hearing (TR 23, 28). He stated that he could not work because of chronic back pain (TR 36). Claimant estimated that he could sit and stand for 30 minutes before needing to change positions (TR 39). He required a cane to walk longer than a single block, and could lift perhaps seven pounds (TR

---

[1] Plaintiff later amended his alleged onset date to January 1, 2011 (TR 23).

40). Frequent rest helped alleviate his back pain (TR 39, 44). Claimant could care for his personal needs without assistance, and he was able to drive an automobile (TR 33-34).

A Vocational Expert, Scott Silver, classified Plaintiff's past work as medium, unskilled activity (TR 47). The witness testified that there were no jobs for claimant to perform if his testimony were fully accepted[2] (TR 51). If he were capable of light work, however, there were numerous unskilled locker room attendant, automatic car wash attendant and small product assembly jobs that he could perform with minimal vocational adjustment (TR 49-50). These simple, routine jobs provided a sit-stand option once an hour, and did not require either reading or writing in English. Workers would not be exposed to moving machinery or unprotected heights, and there was no need to climb ladders, ropes or scaffolds (TR 49).

**B.     ALJ Findings**

The Administrative Law Judge found that Plaintiff was impaired as result of degenerative joint disease of the lumbar spine, but that he did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that claimant's back pain limited him to jobs that allowed a sit-stand option once every hour, provided that he was not off task for more than 20 percent of the workday. Claimant would not be exposed to moving machinery or unprotected heights. He would not have to climb ladders, ropes or scaffolds. Given Plaintiff's language difficulties, he was

---

[2]The witness opined that, if claimant needed to take more than 3 breaks from work lasting longer than 15 minutes, or if he were absent from work more than once a month without a physician excuse, all work activity would be precluded (TR 51).

restricted to simple, routine tasks where he was not required to read or write in English. Nevertheless, the ALJ found that the claimant retained the residual functional capacity to perform a significant number of light jobs, as identified by the Vocational Expert (TR 11-16).

### C. Standard of Review

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

**D.     Discussion and Analysis**

After review of the record, I suggest that there is substantial evidence on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of light work providing a sit-stand option once an hour where he would not be exposed to moving machinery or unprotected heights.  Contrary to Plaintiff's assertion, the medical evidence does not support his allegation of totally disabling back pain. The ALJ's decision was consistent with the specific limitations imposed by examining physicians.  The objective clinical evidence of record fails to demonstrate that Plaintiff 's back condition was totally disabling.  A CT scan of Plaintiff's lower back conducted in January 2011, revealed a small anterior spur in his lumbar spine with minimal evidence of degenerative disc disease (TR 206-207).  There was no sign of canal stenosis or significant neural foraminal stenosis (TR 207).

I further suggest that the ALJ's determination that the  claimant remains capable of performing a limited range of light work activity was also supported by the rather conservative treatment regimen recommended by claimant's treating physician. Dr. Hazim Samir decided to treat the back pain with physical therapy and home care exercises.  While the treating doctor discussed the possibility of epidural injections, the record does not reflect that this course of treatment was ever  pursued (TR 241).  Plaintiff's conservative treatment undermines his contention that his back pain caused totally disabling functional limitations.

Dr. E. Montasir, a consulting physician, noted that Plaintiff had a very limited treatment history, and had not treated with a doctor on a regular basis (TR 218).  Claimant

5

acknowledged that he was able to walk for a half mile before needing to stop due to back pain (TR 218). Upon examination, Plaintiff could walk and stand normally without a cane (TR 219). He was able to get on and off the examination table, and straight leg raising was possible to nearly 60 degrees in both legs (TR 219-20). He had good bilateral handgrip, and there was no joint deformity or enlargement in any of his extremities. Dr. Montasir did not observe any muscle atrophy, sensory changes or other neurological abnormalities that are usually associated with lumbar disability (TR 219).

In a residual functional capacity evaluation, the examining physician opined that Plaintiff could return to work activity requiring the lifting, pushing, or pulling of objects weighing up to 25 pounds. The doctor recommended that Plaintiff not perform any climbing ropes, ladders, or scaffolds (TR 220). Dr. Montasir also indicated that Plaintiff could stand for one hour at a time, but should not walk for prolonged periods (TR 220).

Plaintiff's credibility regarding the disabling nature of his back pain is further undermined by his inconsistent statements. Claimant asserts that he requires a sit-stand option at will, and that the ALJ did not adequately account for his back pain when finding that he needed to change positions only every hour. (See Plaintiff's Brief in Support of Summary Judgment at pp. 10-11). Claimant testified, however, that he could sit for upwards of 35 minutes at a time, but then would need to stand or walk around for another 30 minutes before he could sit back down again (TR. 39). This statement suggests a need to shift positions about once an hour. Thus, the ALJ's determination of an hourly sit-stand option was reasonable. Plaintiff has not shown that additional accommodations were warranted.

Contrary to claimant's assertion, there was no objective medical evidence suggesting that he needed to rest frequently throughout the day. There was no indication in the medical record that pain medications caused any side-effects. The ALJ took into consideration claimant's objectively proven functional limitations by restricting him to jobs that allowed a sit-stand option once an hour with no climbing of ladders, ropes or scaffolds. The ALJ further limited Plaintiff to simple, routine tasks where he would not have to read, write or speak English.

Plaintiff relies heavily upon the fact that Dr. Samir opined in April 2012, that he was unable to perform light work because he could not perform the requisite sitting, standing, walking and lifting needed to perform such activity (TR 269-270). It is well settled that opinions of treating physicians should be given greater weight than those of one-time examining doctors retained by the government. Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980). However, the opinion of a treating physician is entitled to deference only if his clinical findings are uncontradicted by substantial medical or other evidence, and if the opinion is based on detailed, clinical, diagnostic evidence. Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985). Since Dr. Samir offered little objective evidence during the relevant period to support his statements of partial disability[3], his opinion need not have been given

---

[3]The ALJ rejected the doctor's disability opinion, setting forth persuasive reasons for doing so (TR 14). The ALJ expressed concern about the lack of medical documentation to support the opinion. As the ALJ noted, Dr. Samir's own treatment records showed that the claimant was treated only conservatively for his back pain. While the treating doctor indicated that he relied on MRIs, as well as signs of pain, weakness, and decreased range of motion in determining the claimant's functional restrictions, the record in its entirety fails to contain any MRI studies of the claimant's lumbar or cervical spine. The only diagnostic imaging in the entire medical record is a CT scan, which showed only minimal degenerative changes. Accordingly, Dr. Samir's functional assessment lacks adequate support for the limitations described. I suggest that it was

any special weight. Miller v. Secretary, 843 F.2d 221, 224 (6th Cir. 1988). Under these circumstances, the totality of the evidence must be considered. Landsaw v. Secretary, 803 F.2d 211, 213 (6th Cir. 1986).

It is the rare case, indeed the exception, in which every piece of evidence points incontrovertibly towards a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that his testimony was fully credible . However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence. Such observation is invaluable and should not be discarded lightly. Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978). See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

By establishing that he could not return to his past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that he had the vocational qualifications to perform alternative jobs in the economy, notwithstanding his various impairments. The Commissioner, however, met his burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to a hypothetical question that took into consideration claimant's educational and vocational background, along with

---

properly given little weight. This suggested to the ALJ that Dr. Samir's disability statement was prepared for the sole purpose of helping the claimant qualify for benefits. Indeed, it appears the doctor's opinion was primarily based on Plaintiff's subjective complaints, rather than the objective medical evidence.

8

his significant impairments[4], the Vocational Expert testified that there were numerous unskilled locker room attendant, automatic car wash attendant and small product assembly jobs that he could perform with minimal vocational adjustment (TR 49-50). These simple, routine jobs provided a sit-stand option, and did not require either reading or writing in English. Workers would not be exposed to moving machinery or unprotected heights, and there was no need to climb ladders, ropes or scaffolds (TR 49). Given the objective clinical findings of the examining physicians of record, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of light work activity.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

## III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy

---

[4] The ALJ's hypothetical question to the vocational expert was not flawed because it did not include all his medically corroborated complaints. While claimant maintains that the hypothetical question did not account for his inability to sit or stand for prolonged periods, the ALJ accounted for these problems by restricting Plaintiff to light work that provided a sit-stand option once an hour. Claimant appears to suggest that a sit-stand option was incompatible with the requirements of light work because such work requires an individual to stand or walk for six hours in an eight-hour day (Plaintiff's Brief in Support of Summary Judgment at p. 9). Contrary to Plaintiff's assertion, the regulations specifically note that light work can involve "sitting most of the time." 20C.F.R. § 404.1567(b) (2014). Significantly, the vocational expert testified that a sit-stand option was compatible with light work, expressly stating, "I have observed light duty work where there is a sit-stand option" (TR 53).

hereof as provided in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal.  United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

 Within ten (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

           s/ Charles E Binder
           CHARLES E. BINDER
Dated: November 6, 2014     United States Magistrate Judge

10