UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AHMED M. MOQBEL,

              Plaintiff,                            Case Number 13-14159
                                                              Honorable David M. Lawson
v.                                                           Magistrate Judge Charles E. Binder

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.
_____/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION, GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT,
AND DISMISSING PLAINTIFF'S COMPLAINT**

      The plaintiff filed the present action on September 30, 2013 seeking review of the Commissioner's decision denying the plaintiff's claims for a period of disability and disability insurance benefits under Title II of the Social Security Act and supplemental security income benefits under Title XVI of the Social Security Act. The case was referred to United States Magistrate Judge Charles E. Binder pursuant to 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a motion for summary judgment to reverse the decision of the Commissioner and remand the case to the Commission for an award of benefits. The defendant filed a motion for summary judgment requesting affirmance of the decision of the Commissioner. Magistrate Judge Binder filed a report on November 6, 2014 recommending that the plaintiff's motion for summary judgment be denied and the defendant's motion for summary judgment be granted. The plaintiff filed objections to the recommendation on November 17, 2014. This matter is now before the Court.

When a party files timely objections to a report and recommendation, the Court must "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues — factual and legal — that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

The dispute in the case is straightforward. The plaintiff alleges that he is disabled within the meaning of the Social Security Act because of intractable back pain. The administrative law judge (ALJ), after conducting a hearing, concluded that the plaintiff retained the capacity to perform a limited range of light work. The plaintiff contends that the record demonstrates that, at most, he can perform sedentary work. He amended his disability onset date to a date after his fiftieth birthday, and says that when limited to sedentary work, the Commissioner's GRID Rules would direct a finding of disabled. *See* Medical Vocational Rule 201.09 & .10. Therefore, he argues, the ALJ's

decision was not supported by substantial evidence. The Commissioner disagrees, as did the magistrate judge.

The Court has reviewed the file, the report and recommendation, and the plaintiff's objections and has made a *de novo* review of the administrative record in light of the parties' submissions. The plaintiff, who is now 54 years old, filed his application for disability insurance benefits and supplemental security income on March 2, 2011 when he was fifty. The plaintiff has a ninth grade education and has prior work experience as a busboy, hand packager, and machine operator. The plaintiff last worked on December 31, 2009, the date he alleged he became disabled as a result of chronic back pain. The plaintiff alleged that he could no longer work because of the pain. The plaintiff has been diagnosed with degenerative joint disease of the lumbar spine, kidney stones, and dysuria.

The plaintiff's application for disability insurance benefits was denied initially. The plaintiff made a timely request for an administrative hearing. On May 17, 2012, the plaintiff appeared before ALJ Patrick Maclean when he was 51 years old. ALJ Maclean filed a decision on May 25, 2012 in which he found that the plaintiff was not disabled. The ALJ reached that conclusion by applying the five-step sequential analysis prescribed by the Secretary in 20 C.F.R. §§ 404.1520, 416.920. The ALJ found that the plaintiff meets the insured status requirements of the Social Security Act through December 31, 2014 and has not engaged in substantial gainful activity since December 31, 2009 (step one); the plaintiff suffered from degenerative joint disease of the lumbar spine, which is "severe" within the meaning of the Social Security Act, and kidney stones and dysuria, which are not severe within the meaning of the Social Security Act (step two); none of these impairments alone or in combination met or equaled a listing in the regulations (step three); and the plaintiff could not

perform his previous work as a hand packager, machine operator, or kitchen helper, which was unskilled and semi-skilled and required medium exertion.

In applying the fifth step, the ALJ concluded that the plaintiff had the residual functional capacity to perform light work. However, the ALJ found that the plaintiff had the following limitations: the claimant requires a sit/stand option once every hour; the claimant must avoid climbing ladders, ropes, or scaffolds, but he is able to perform all other postural activities occasionally, including climbing ramps/stairs, balancing, stooping, crouching, kneeling, and crawling; the claimant must avoid all machinery and unprotected heights; and the work must also not require English to be read, spoken, or written. A vocational expert (VE) testified that several jobs fit within these limitations, including locker room attendant and small products assembler, and the ALJ found that these jobs existed in significant numbers in the national economy. He determined that there were 17,500 locker room attendant jobs and 15,000 assembler jobs nationally, although the VE testified that in Michigan the available jobs were 300 and 800, respectively. Based on these findings and using Medical Vocational Rule 202.11 as a framework, the ALJ concluded that the plaintiff was not disabled within the meaning of the Social Security Act. Following the decision by the ALJ, the plaintiff appealed to the Appeals Council, which denied the plaintiff's request for review on August 16, 2013.

The magistrate judge suggested that the ALJ's decision was supported by substantial evidence. The RFC finding, he observed, was consistent with the opinions of Dr. E. Montasir, an examining physician. He also found that the ALJ properly discounted the opinion of Dr. Hazim Samir, the plaintiff's primary care doctor, who limited the plaintiff more severely than Dr. Montasir.

In his objections, the plaintiff argues first that the magistrate judge applied too strict a standard when he found that the plaintiff had not shown that he was "totally disabled." Instead, the plaintiff says that he acknowledged the ability to perform sedentary work, which would not render his disability "total."

It is true that the magistrate judge referenced "total disability" in his report. But that does not undermine the validity of his recommendation. The parties agree that the plaintiff has the burden of proving an entitlement to benefits under Title II and Title XVI of the Social Security Act, which means that the plaintiff must establish that he suffers from a disability, as that term is defined in the Act. *See Boyse v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). "Disability" means:

> [the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant suffers from a disability "only if his physical or mental . . . impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(1)(B), 1382c(a)(3)(B). The concept of disability, then, relates to functional limitations. Although these functional limitations must, of course, be caused by a physical or mental impairment, in the end, "[i]t is an assessment of what [the claimant] can and cannot do, not what she does and does not suffer from." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002) (referring to assessment of residual functional capacity). The magistrate judge's reference to "total disability" did not govern

his recommendation or affect his assessment of the evidence in the record that supported the ALJ's determination of the plaintiff's RFC.

The plaintiff also argues that the magistrate judge applied an incorrect legal standard when he wrote that "[t]he objective medical evidence in the record fails to demonstrate that Plaintiff's back condition was totally disabling." The plaintiff notes that 20 C.F.R. § 404.1529(c)(2) provides that the ALJ may not reject a claimant's statements about pain solely because the available objective medical evidence does not substantiate the claimant's statements. The plaintiff contends that the Magistrate Judge should not have discounted his back pain because he underwent conservative treatment and did not have surgery. That does not mean, however, that the absence of objective medical evidence is irrelevant. Under 20 C.F.R. § 404.1527(c)(2), the Commissioner may consider whether medical opinions, including those coming from a treating source, are "well-supported by medically acceptable clinical and laboratory diagnostic techniques." Neither the ALJ nor the magistrate judge suggested that the plaintiff's subjective complaints of disabling back pain were not credible "solely" because of the paucity of objective medical evidence supporting those claims.

The plaintiff also contends that the magistrate judge failed to adequately address the plaintiff's argument that the record did not demonstrate a significant number of jobs that the claimant could perform. The plaintiff argues that 20 C.F.R. § 404.1566(d)(1) states that isolated jobs that exist in only very limited numbers are not considered work that exists in the national economy. The plaintiff is correct that the magistrate judge appears to have ignored that argument, which was presented in the plaintiff's summary judgment brief. However, the plaintiff's argument does not warrant any relief. He cites *Martin v. Comm'r of Soc. Sec.*, 170 F. App'x 369, 375 (6th Cir. 2006), for the apparent proposition that the available jobs in the region must number at least 870 to

sustain the Commissioner's step 5 burden. But, as the defendant correctly notes, *Martin* did not establish a hard floor. In fact, the *Martin* court cited *Stewart v. Sullivan*, 904 F.2d 708 (6th Cir. 1990), in which the court held that 125 jobs in the local area was a significant number of jobs.

Next, the plaintiff asserts that the ALJ found that the plaintiff needed a stand/sit option, but his hypothetical question did not allow for a stand/sit option at will. The plaintiff does not believe that allowing the plaintiff to sit once per hour is a meaningful accommodation for his condition. Addressing that argument, the magistrate judge determined that the ALJ's RFC pronouncement was consistent with the definition of "light work" in 20 C.F.R. § 404.1567, which "requires a good deal of walking or standing, or when it involves *sitting most of the time* with some pushing and pulling of arm or leg controls." (emphasis added.). *See* R&R at 9 & n.4. The Court agrees that the hypothetical question included the appropriate limitation, which was supported by substantial evidence in the record.

After a *de novo* review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge properly reviewed the administrative record and applied the correct law in reaching his conclusion. The Court has considered all of the plaintiff's objections to the report and finds them to lack merit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt. #13] is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objections [dkt. #14] are **OVERRULED**.

It is further **ORDERED** that the plaintiff's motion for summary judgment and remand [dkt. #10] is **DENIED**.

It is further **ORDERED** that the defendant's motion for summary judgment [dkt. #12] is **GRANTED**.

It is further **ORDERED** that the plaintiff's complaint is **DISMISSED**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated:   April 9, 2015

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 9, 2015.

s/Susan Pinkowski  
SUSAN PINKOWSKI
